COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


GARY LEE FISHER, SR.

MEMORANDUM OPINION*

v.    Record No. 2860-99-4                   PER CURIAM
                                             MAY 30, 2000

WARREN COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WARREN COUNTY
John E. Wetsel, Jr., Judge

(Alfred L. White, Jr.; Struckmann & White,
P.C., on brief), for appellant.  Appellant
submitting on brief.

(Douglas W. Napier, County Attorney, on
brief), for appellee.  Appellee submitting on
brief.


Gary Lee Fisher, Sr., appeals the decision of the circuit

court terminating his parental rights to his biological son.  On

appeal, Fisher contends that the trial court erred by (1) finding

that the Warren County Department of Social Services (DSS) made

reasonable and appropriate efforts to provide services to Fisher

so as to allow the child's return to Fisher within a reasonable

period of time; (2) finding that DSS proved by clear and

convincing evidence that it was not reasonably likely that the

conditions resulting in the child's placement in foster care could

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

be corrected to allow the child's return within a reasonable period of time; (3) failing to require DSS to investigate the possible placement of the child with his paternal grandmother; and (4) failing to grant a continuance to determine the date of Fisher's release from incarceration and the services available upon his release. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we affirm the decision of the trial court.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless

-

plainly wrong or without evidence to support it.'"  Id. (citation omitted).

The trial court ruled that DSS presented sufficient evidence to terminate Fisher's parental rights under Code § 16.1-283(B). That section provides that

> [t]he residual parental rights of a parent or parents of a child found by the court to be neglected or abused and placed in foster care as a result of (i) court commitment, (ii) an entrustment agreement entered into by the parent or parents or (iii) other voluntary relinquishment by the parent or parents may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:
>
> 1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.  In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Id.

The child was born in 1990.  He was placed in foster care following an emergency removal from his mother's custody in 1997 when he had striation bruises consistent with a beating by a belt.

-

In foster care, the child demonstrated improved behavior and increased intellectual functioning. A psychological evaluation indicated that the child displayed traits consistent with trauma and abuse arising from the neglect and beatings by his mother and her lover. He tested above average in intelligence, but demonstrated evidence of internal turmoil, anger, and poor self-esteem. Pursuant to the goal of returning the child home, DSS planned for the child to have weekend visits with his mother. After the first weekend in August 1998, however, the child returned with bruises and hand marks along his spine. Upon the child's return from visitation, his behavior rapidly deteriorated and he was placed in an intermediate term psychiatric facility in December 1998. In the facility, he engaged in incidents of fire setting and other serious and harmful behavioral problems. The child was released from the intermediate term psychiatric facility in October 1999 into a therapeutic foster care family. The evidence indicated that it was essential to the child's well being that he remain in a therapeutic setting.

The child displayed no bond or relationship with Fisher, who was incarcerated from 1991 through 1996. Fisher remained out of prison for eleven months. The child lived with Fisher and his second wife for approximately five months from December 1996 until April 1997, when Fisher was again incarcerated, this time in West Virginia. Fisher was in prison in Virginia at the time of the

-

hearing and was unsure how much time he had left to serve.  A parole hearing was scheduled for November 1999.

### Reasonable Effort to Provide Services

Fisher contends that the trial court erred by failing to require DSS to offer services to him designed to remedy the reasons for the child's removal.  "Reasonable and appropriate efforts must be made to assist a delinquent parent in remedying the conditions that lead to a parent's temporary relinquishment of the children to the care of the department.  The offer of such assistance is a prerequisite to termination of parental rights."  Cain v. Commonwealth, 12 Va. App. 42, 45, 402 S.E.2d 682, 683 (1991).  However, "'reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case."  Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

DSS offered services to the mother, who was the custodial parent at the time the child was placed in foster care.  Laura Kitchen, the social worker assigned to the child's case, testified that DSS was unable to provide direct services to any incarcerated parents and it was more difficult than usual in this instance because Fisher was imprisoned outside Virginia.

Through his repeated incarcerations, Fisher had already relinquished care of the child to others.  He removed himself from the child's life.  He made no provisions for the care of the child for years at a time, and offered no relief to the

-

child from the underlying problems of trauma and abuse suffered at the hands of the mother.  Based upon the testimony received ore tenus, the trial court determined that DSS made "reasonable and appropriate efforts to provide services to these parents, given their respective situations."  We find sufficient evidence in the record to support the trial court's conclusion.

## Return within a Reasonable Period

Fisher also contends that the trial court erred by concluding that DSS proved the child could not be returned to Fisher within a reasonable period of time.  We disagree.  The evidence proved that Fisher had sporadic contact at best with the child throughout the child's life.  The child had no bond with Fisher and expressed negative feelings about Fisher and his incarceration.  Fisher was in prison at the time of the hearing and could not say when he might be released.  The trial court found that clear and convincing evidence indicated that it would not be in the child's best interest to place him with Fisher, even if Fisher were in a position to immediately provide a home for the child.  We find no error in the determination of the trial court.

## Possible Placement with Paternal Grandmother

Fisher also contends that the trial court erred when it failed to require DSS to consider placement with the paternal grandmother.  The record does not support Fisher's contention.  DSS explored the possibility of placement with the grandmother

-

and discovered that she had a history of "losing control of her children when they hit their teenage years" and that at least three of her nine children served extensive time in jail.

No family members expressed any interest in having custody of the child.  Fisher testified that he was blocked from making collect calls to his mother.  He presented no evidence but his own testimony to indicate that the grandmother would be interested in having custody of the child.  The evidence indicated that the family situation was inappropriate for the child and his need for stability.  We find no error.

Failure to Grant Continuance

Finally, Fisher contends that the trial court erred by failing to allow more time to determine his time left to serve. We disagree.  As the party seeking a continuance, Fisher had the burden to prove the merit of a delay.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities."  Kaywood v. Halifax County Dep't of Social Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the finding of the trial court that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283 that termination was

-

in the child's best interests.  Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>
